UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of Arbitration between )<br>)<br>ZURICH AMERICAN INSURANCE COMPANY, )<br>AMERICAN GUARANTEE AND LIABILITY )<br>INSURANCE COMPANY, and AMERICAN )<br>ZURICH INSURANCE COMPANY, )<br>)<br>        Petitioners, )<br>)<br>and )<br>)<br>BLUE DOT SERVICES, INC., )<br>)<br>        Respondent. ) | Case No. 08 CV 2273<br><br>Judge Manning |

## MOTION TO CONFIRM ARBITRATION AWARD

Petitioners Zurich American Insurance Company, American Guarantee and Liability Insurance Company, and American Zurich Insurance Company (collectively "Zurich"), pursuant to Section 9 of the Federal Arbitration Act ("FAA"), hereby moves this Court for entry of judgment against Respondent Blue Dot Services, Inc. ("Blue Dot"). By this motion, and through its Petition to Confirm Arbitration Award, Zurich seeks to confirm an arbitration award entered in its favor and against Blue Dot.

On April 18, 2008, the arbitrators entered a final arbitration award which entitles Zurich to recover **$3,904,763** from Blue Dot plus any post-award interest that accrues. Zurich asks this Court to confirm that award and enter judgment in accordance with the terms of the award. In support of this motion, Zurich states as follows.

**BACKGROUND**

Zurich and Blue Dot entered into written agreements (the "Program Agreements") in connection with insurance policies that Zurich issued to Blue Dot insuring Blue Dot's employees and operations in multiple states. (Petition at ¶ 7.)

**The Arbitration Agreement**

Pursuant to the Program Agreements, the parties are required to submit to arbitration any differences which might arise with respect to the Program Agreements. Certain of the Program Agreements state in relevant part:

> Any dispute arising out of the interpretation, performance or alleged breach of this Agreement, shall be settled by binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules and the following procedures:
>
> 1. Written notice requesting arbitration will be sent by the initiating party via certified or registered mail, return receipt requested, to the other party with the required copies to the AAA. The notice shall state the nature of the dispute, the amount involved, if any, and the remedy sought.
>
> 2. A panel shall be made up of three arbitrators. Each party shall select one arbitrator and the two selected arbitrators shall select an impartial third arbitrator with a commercial liability insurance background who shall preside at the hearing.
>
> 3. If either party fails to appoint its arbitrator within thirty (30) days of the delivery of the request, the other party shall send notice by certified or registered mail of its intention to appoint a second arbitrator and may do so within ten (10) days of the appointment notice date.
>
> 4. If the two arbitrators do not select the third arbitrator within thirty (30) days of their appointment, each arbitrator shall select three candidates, or a smaller number as agreed to by the two arbitrators, from a list of qualified candidates with a commercial liability insurance background provided by the American Arbitration Association. At the request of the two arbitrators, the American Arbitration Association shall select the third arbitrator from the list of candidates submitted.
>
> 5. Unless the parties under this Agreement agree otherwise, arbitration shall take place in Schaumburg, Illinois.

6.	The arbitrators shall not limit, expand or modify the terms of this Agreement nor award damages in excess of compensatory damages under this Agreement, which damages would include without limitation any form of fine or multiple, punitive or exemplary damages and each party waives any claim to such excess damages. Confirmation of the award may be entered in any court having jurisdiction.

7.	Each party shall pay the expense of its own arbitrator and equally pay the expenses of the third arbitrator and any other expenses of the arbitration proceeding (except witnesses). Each party shall pay its own costs of counsel and witnesses.

(Petition at Ex. A.)

### The Arbitration Proceedings

In May 2007, Zurich demanded arbitration of a dispute that arose between the parties. (Petition at ¶ 10.) Through the arbitration, Zurich sought to recover more than $3,500,000 plus interest that Blue Dot owed Zurich under the Program Agreements for its insurance. (*Id.*)

Pursuant to the terms of the Arbitration Agreement, Zurich appointed Michael S. Davis as an arbitrator. (Petition at ¶ 11.) Blue Dot appointed John W. Borg as an arbitrator. (*Id.*) The arbitrators then appointed Richard L. White as umpire in accordance with the terms of the arbitration agreement. (*Id.*) The parties agreed that the panel of arbitrators was properly constituted and that there were no objections to the arbitrators. (*Id.*)

### The Arbitration Award

The arbitrators conducted a hearing on March 26, 2008. (Petition at ¶ 12.) The parties presented oral arguments and evidence at the hearing. (*Id.*) On April 18, 2008, the arbitrators, having conferred on the arguments and evidence presented, entered the final award in Zurich's favor in the total amount of $3,904,763. (Petition at Ex. B.) In the event that Blue Dot does not satisfy the final award by April 28, 2008, post-award interest shall accrue at a rate of nine percent per annum starting on the final award date. (*Id.*)

3

## ARGUMENT

The Court should confirm the arbitration award pursuant to Section 9 of the FAA and enter judgment in Zurich's favor.

### Jurisdiction

This Court has jurisdiction over this matter under Section 9 of the FAA, which provides in relevant part:

> If no court is specified in the agreement of the parties, then such application [to confirm arbitration award] may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C.A. § 9. Jurisdiction is proper under Section 9 because (1) the arbitration agreement provides that a court with jurisdiction may confirm an award made pursuant to the arbitration, (2) the arbitration award was made within this District, and (3) Zurich served notice and a copy of the Petition to Confirm on Blue Dot on April 21, 2008, as acknowledged by counsel for Blue Dot in Exhibit A.

Independent of the Court's authority under Section 9 of the FAA, this Court also has the power to enter judgment pursuant to independent federal subject matter jurisdiction under 28 U.S.C. § 1332. Diversity of citizenship exists here because the parties are citizens of different states. (Petition at ¶¶ 1-4, 6.) Additionally, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. (*Id.* at ¶¶ 6, 13.) Thus, this Court has full authority to confirm the arbitration award and enter the judgment requested by Zurich.

### Basis for Confirmation

Section 9 of the FAA dictates that the instant arbitration award be confirmed. Specifically, Section 9 provides in relevant part:

4

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C.A. § 9. Under Section 9, the Court should enter judgment in Zurich's favor on the award because (1) the arbitration agreement provides that a court with jurisdiction may confirm an award made pursuant to the arbitration, (2) Zurich timely filed its Petition to Confirm within one year after the award was made, and (3) none of the grounds for refusal to confirm the award set forth in Sections 10 and 11 of the FAA apply.

## **CONCLUSION**

For the reasons set forth above, the Court should enter an order confirming the April 18, 2008 arbitration award entered in Zurich's favor, and granting judgment to Zurich in accordance with the terms of the arbitration award.

Dated: April 24, 2008                                   Respectfully submitted,

                                                        LOCKE LORD BISSELL & LIDDELL LLP

                                                        By:      /s/ Julie L. Young
                                                        Attorneys for Petitioners Zurich American
                                                        Insurance Company, American Guarantee and
                                                        Liability Insurance Company, and American
                                                        Zurich Insurance Company

Steven T. Whitmer
Julie L. Young
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois  60606
Phone: 312.443.0254 (J. Young)
Fax:    312.896.6254 (J. Young)

# EXHIBIT A

**Young, Julie**

---

**From:** Zabel, Steven [steven.zabel@leonard.com]
**Sent:** Tuesday, April 22, 2008 5:58 PM
**To:** Young, Julie
**Subject:** RE: Zurich / Blue Dot; Petition to Confirm Final Arbitration Award

I can accept service.

-----Original Message-----
From: Young, Julie [mailto:JYoung@lockelord.com]
Sent: Mon 4/21/2008 5:27 PM
To: Zabel, Steven
Cc: Whitmer, Steven
Subject: Zurich / Blue Dot; Petition to Confirm Final Arbitration Award

Dear Steven:

Zurich filed the attached petition today seeking to confirm the final arbitration award in the captioned matter. Please let us know whether you are authorized to accept service of the petition on behalf of Blue Dot. I would appreciate a response by the close of business tomorrow.

Regards, Julie

Julie L. Young
Partner
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, Illinois  60606
312-443-0254 Direct
312-896-6254 Fax
jyoung@lockelord.com <mailto:jyoung@lockelord.com> www.lockelord.com
<http://www.lockelord.com/> <mailto:Thomas.Hannigan@ropesgray.com>

IRS Circular 230 Disclosure: United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.


IMPORTANT/CONFIDENTIAL: This message from the law firm of Locke Lord Bissell & Liddell LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.



------------------------------------------------------------------------
CONFIDENTIALITY NOTICE: The information contained in this e-mail is confidential, may be legally privileged, and is intended only for the use of the party named above. If the reader of this e-mail is not the intended recipient, you are advised that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at 612.335.1500 and destroy this e-mail.
------------------------------------------------------------------------