UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of Arbitration between ) | |
| ) | |
| ZURICH AMERICAN INSURANCE COMPANY, ) | |
| AMERICAN GUARANTEE AND LIABILITY ) | Case No. 08 CV 2273 |
| INSURANCE COMPANY, and AMERICAN ) | |
| ZURICH INSURANCE COMPANY, ) | Judge Manning |
| ) | |
| Petitioners, ) | |
| ) | |
| and ) | |
| ) | |
| BLUE DOT SERVICES, INC., ) | |
| ) | |
| Respondent. ) | |

## MOTION TO CONFIRM ARBITRATION AWARD

Petitioners Zurich American Insurance Company, American Guarantee and Liability Insurance Company, and American Zurich Insurance Company (collectively "Zurich"), pursuant to Section 9 of the Federal Arbitration Act ("FAA"), hereby move this Court for entry of judgment against Respondent Blue Dot Services, Inc. ("Blue Dot").

On April 18, 2008, arbitrators entered a final arbitration award which entitles Zurich to recover **$3,904,763** from Blue Dot plus any post-award interest that accrues. By this motion, and through its Petition to Confirm Arbitration Award, Zurich seeks to confirm that arbitration award entered in its favor and against Blue Dot.

Zurich first filed a motion to confirm the arbitration award on April 25, 2008. This Court entered an Order on May 23, 2008 denying the motion without prejudice and directing Zurich to serve its Petition to Confirm on Blue Dot through the United States Marshals Service. The Marshals completed service on July 2, 2008. A copy of the completed Process Receipt and

Return is attached as Exhibit A. Accordingly, Zurich asks this Court to now confirm the arbitration award and enter judgment in accordance with the terms of the award.

## BACKGROUND

Zurich and Blue Dot entered into written agreements (the "Program Agreements") in connection with insurance policies that Zurich issued to Blue Dot insuring Blue Dot's employees and operations in multiple states. (Petition at ¶ 7.)

**The Arbitration Agreement**

Pursuant to the Program Agreements, the parties are required to submit to arbitration any differences which might arise with respect to the Program Agreements. Certain of the Program Agreements state in relevant part:

> Any dispute arising out of the interpretation, performance or alleged breach of this Agreement, shall be settled by binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules and the following procedures:
>
> 1.  Written notice requesting arbitration will be sent by the initiating party via certified or registered mail, return receipt requested, to the other party with the required copies to the AAA. The notice shall state the nature of the dispute, the amount involved, if any, and the remedy sought.
>
> 2.  A panel shall be made up of three arbitrators. Each party shall select one arbitrator and the two selected arbitrators shall select an impartial third arbitrator with a commercial liability insurance background who shall preside at the hearing.
>
> 3.  If either party fails to appoint its arbitrator within thirty (30) days of the delivery of the request, the other party shall send notice by certified or registered mail of its intention to appoint a second arbitrator and may do so within ten (10) days of the appointment notice date.
>
> 4.  If the two arbitrators do not select the third arbitrator within thirty (30) days of their appointment, each arbitrator shall select three candidates, or a smaller number as agreed to by the two arbitrators, from a list of qualified candidates with a commercial liability insurance background provided by the American Arbitration Association. At the request of the two arbitrators,

2

        the American Arbitration Association shall select the third arbitrator from the list of candidates submitted.

5. Unless the parties under this Agreement agree otherwise, arbitration shall take place in Schaumburg, Illinois.

6. The arbitrators shall not limit, expand or modify the terms of this Agreement nor award damages in excess of compensatory damages under this Agreement, which damages would include without limitation any form of fine or multiple, punitive or exemplary damages and each party waives any claim to such excess damages. Confirmation of the award may be entered in any court having jurisdiction.

7. Each party shall pay the expense of its own arbitrator and equally pay the expenses of the third arbitrator and any other expenses of the arbitration proceeding (except witnesses). Each party shall pay its own costs of counsel and witnesses.

(Petition at Ex. A.)

### The Arbitration Proceedings

In May 2007, Zurich demanded arbitration of a dispute that arose between the parties. (Petition at ¶ 10.) Through the arbitration, Zurich sought to recover more than $3,500,000 plus interest that Blue Dot owed Zurich under the Program Agreements for its insurance. (*Id.*)

Pursuant to the terms of the Arbitration Agreement, Zurich appointed Michael S. Davis as an arbitrator. (Petition at ¶ 11.) Blue Dot appointed John W. Borg as an arbitrator. (*Id.*) The arbitrators then appointed Richard L. White as umpire in accordance with the terms of the arbitration agreement. (*Id.*) The parties agreed that the panel of arbitrators was properly constituted and that there were no objections to the arbitrators. (*Id.*)

### The Arbitration Award

The arbitrators conducted a hearing on March 26, 2008. (Petition at ¶ 12.) The parties presented oral arguments and evidence at the hearing. (*Id.*) On April 18, 2008, the arbitrators, having conferred on the arguments and evidence presented, entered the final award in Zurich's

favor in the total amount of $3,904,763. (Petition at Ex. B.) Blue Dot has not satisfied the final award in full, and post-award interest is accruing at a rate of nine percent per annum starting on the final award date. (*Id.*)

## ARGUMENT

The Court should confirm the arbitration award pursuant to Section 9 of the FAA and enter judgment in Zurich's favor.

### **Jurisdiction**

This Court has jurisdiction over this matter under Section 9 of the FAA, which provides in relevant part:

> If no court is specified in the agreement of the parties, then such application [to confirm arbitration award] may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding…If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C.A. § 9. Jurisdiction is proper under Section 9 because (1) the arbitration agreement provides that a court with jurisdiction may confirm an award made pursuant to the arbitration, (2) the arbitration award was made within this District, (3) the United States Marshals Service personally served notice and a copy of the Petition to Confirm on Blue Dot on July 2, 2008, as acknowledged by the Process Receipt and Return attached as Exhibit A, and (4) Zurich served notice and a copy of the Petition to Confirm on Blue Dot on April 21, 2008, as acknowledged by counsel for Blue Dot in the correspondence attached as Exhibit B.

Independent of the Court's authority under Section 9 of the FAA, this Court also has the power to enter judgment pursuant to independent federal subject matter jurisdiction under 28

4

U.S.C. § 1332.  Diversity of citizenship exists here because the parties are citizens of different states.  (Petition at ¶¶ 1-4, 6.)  Additionally, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  (*Id.* at ¶¶ 6, 13.)  Thus, this Court has full authority to confirm the arbitration award and enter the judgment requested by Zurich.

### Basis for Confirmation

Section 9 of the FAA dictates that the instant arbitration award be confirmed.  Specifically, Section 9 provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C.A. § 9.  Under Section 9, the Court should enter judgment in Zurich's favor on the award because (1) the arbitration agreement provides that a court with jurisdiction may confirm an award made pursuant to the arbitration, (2) Zurich timely filed its Petition to Confirm within one year after the award was made, and (3) none of the grounds for refusal to confirm the award set forth in Sections 10 and 11 of the FAA apply.

### CONCLUSION

For the reasons set forth above, the Court should enter an order confirming the April 18, 2008 arbitration award entered in Zurich's favor, and granting judgment to Zurich in accordance with the terms of the arbitration award.

Dated: July 3, 2008                                     Respectfully submitted,

                                                        LOCKE LORD BISSELL & LIDDELL LLP


                                                        By:        /s/ Julie L. Young
                                                           Attorneys for Petitioners Zurich American
                                                           Insurance Company, American Guarantee and
                                                           Liability Insurance Company, and American
                                                           Zurich Insurance Company

Steven T. Whitmer
Julie L. Young
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois  60606
Phone:  312.443.0254 (J. Young)
Fax:      312.896.6254 (J. Young)

**USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.**

U.S. Department of Justice
United States Marshals Service

## PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Zurich American Ins.Co., American Guarantee&Liability Ins.Co.&American Zurich Ins.Co | 08 cv 2273 |
| **DEFENDANT** | **TYPE OF PROCESS** |
| Blue Dot Services, Inc. | Civil |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Blue Dot Services, Inc., c/o Registered Agent, CT Corporation System
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
319 South Coteau Street, Pierre, SD 57501-3187

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Julie L. Young
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60606-4410

| Number of process to be served with this Form 285 | 1 |
|---|---|
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | -- |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT
TELEPHONE NUMBER: (312) 443-0254
DATE: 6/3/08

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted)
Total Process: 1
District of Origin No. 24
District to Serve No. 73
Signature of Authorized USMS Deputy or Clerk: R.T.
Date: 06-24-08

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above):
Deborah Clar Raymond - Asso. Secretary

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Date: 7/2/08
Time: 10:15 ☒ am ☐ pm
Signature of U.S. Marshal or Deputy: Jay Ferguson 4024

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | 1.34 | | 250.00 | $0.00 |

REMARKS:

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

**Young, Julie**

| | |
|---|---|
| **From:** | Zabel, Steven [steven.zabel@leonard.com] |
| **Sent:** | Tuesday, April 22, 2008 5:58 PM |
| **To:** | Young, Julie |
| **Subject:** | RE: Zurich / Blue Dot; Petition to Confirm Final Arbitration Award |

I can accept service.

-----Original Message-----
From: Young, Julie [mailto:JYoung@lockelord.com]
Sent: Mon 4/21/2008 5:27 PM
To: Zabel, Steven
Cc: Whitmer, Steven
Subject: Zurich / Blue Dot; Petition to Confirm Final Arbitration Award

Dear Steven:

Zurich filed the attached petition today seeking to confirm the final arbitration award in the captioned matter. Please let us know whether you are authorized to accept service of the petition on behalf of Blue Dot. I would appreciate a response by the close of business tomorrow.

Regards, Julie

Julie L. Young
Partner
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, Illinois  60606
312-443-0254 Direct
312-896-6254 Fax
jyoung@lockelord.com <mailto:jyoung@lockelord.com> www.lockelord.com <http://www.lockelord.com/> <mailto:Thomas.Hannigan@ropesgray.com>
IRS Circular 230 Disclosure: United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.


IMPORTANT/CONFIDENTIAL: This message from the law firm of Locke Lord Bissell & Liddell LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.




------------------------------------------------------------------------
CONFIDENTIALITY NOTICE: The information contained in this e-mail is confidential, may be legally privileged, and is intended only for the use of the party named above. If the reader of this e-mail is not the intended recipient, you are advised that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at 612.335.1500 and destroy this e-mail.
------------------------------------------------------------------------