## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 2273 | **DATE** | July 21, 2008 |
| **CASE TITLE** | *Zurich Am. Ins. Co. v. Blue Dot Servs., Inc.* | | |

**DOCKET ENTRY TEXT**

The petitioners' motion [11-1] to confirm the arbitration award entered April 18, 2008, is granted.

■[ For further details see text below.]　　Docketing to mail notices.

00:00

### STATEMENT

　　Before the court is a motion under the Federal Aribtration Act to confirm an arbitration award entered in favor of petitioners Zurich American Insurance Company, American Guarantee and Liability Insurance Company and American Zurich Insurance Company against respondent Blue Dot Services, Inc. *See* 9 U.S.C. § 9 ("any party to the arbitration may apply to the court so specified for an order confirming the award."). For the following reasons, the court grants the motion and confirms the arbitration award.

　　The petitioners are affiliated insurance companies (the court will refer to them collectively as Zurich) which provided insurance coverage to Blue Dot. Under the insurance policy, the parties agreed that any dispute that arose "shall be settled by binding arbitration administered by the American Arbitration Association." (R.1, Ex. A ¶ N.) So when a dispute arose between Zurich and Blue Dot, Zurich demanded arbitration. The arbitration occurred in March 2008, and on April 18, 2008, the arbitrators entered a final award in Zurich's favor for nearly 4 million dollars. The provision of the insurance policy that required the parties to arbitrate disputes also provided that "any court having jurisdiction" may confirm the arbitration award. (*Id.* ¶ N(6).)

　　The Federal Arbitration Act requires that a party seeking confirmation of an award (1) provide in their agreement that a court may enter a judgment, (2) apply to the court specified in the parties agreement for the entry of a judgment on the award, or, if no court is specified in the agreement, then apply to the district court in the district within which the award was made or any district court for which venue is proper, (3) file the request for confirmation within one year after the award is made, and (4) serve the adverse party with notice of the application for confirmation. 9 U.S.C. § 9. If those requirements are met and the award has not been vacated, modified or corrected as prescribed in sections 10 and 11 of Title 9, then the court "must" grant the application for confirmation. *Id.*

**STATEMENT**

As noted by Zurich, all of the requirements have been met. The parties' contracts provide that the parties agree to have any issue resolved by binding arbitration and any award entered as a judgment. The arbitration was held in Chicago and the award was made in Chicago; thus, this is a proper court in which to apply for confirmation. The request for confirmation has been made within a year of the panel's April 18, 2008, award, and the certificate of service provided by Zurich indicates that Blue Dot was served with notice of its request for confirmation in accordance with the requirements of § 9. Finally, the award has not been vacated, modified, or corrected.

Accordingly, because Zurich has met the requirements under the FAA to receive a confirmation on the arbitration award, the motion is granted and the award is confirmed.

rs/cpb